FILED IN OPEN COURT

4.4.19

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

CASE NO.   3:19-cr-57-J-39PDB

18 U.S.C. §§ 1344 and 2

DELBERT J. BAKER

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

### A. Introduction

At all times material to this Indictment:

1.      The defendant, DELBERT J. BAKER was a resident of Southern Florida, and unemployed.

2.      DELBERT J. BAKER maintained a Facebook account, an Instagram account, and other social media accounts.

### B. Scheme and Artifice

From at least in or about the spring of 2016 through in or about March 2017, the defendant, DELBERT J. BAKER, knowingly executed a scheme and artifice to defraud and caused to be defrauded Bank of America, SunTrust Bank, Wells Fargo, TD Bank, Chase, Regions Bank and others, all financial

institutions, and to obtain and caused to be obtained moneys, funds, credits, assets, and other property owned by and under the custody and control of Bank of America, SunTrust Bank, Wells Fargo, TD Bank, Chase, Regions Bank and others, by means of false and fraudulent pretenses and representations.

## C. Manner and Means

1.  It was part of the scheme and artifice that the defendant, DELBERT J. BAKER, would solicit individuals with established bank accounts at financial institutions, that is, with accounts opened for at least ninety days, to engage in a fraudulent scheme using the solicited individual's bank account.

2.  It was further part of the scheme and artifice that the defendant, DELBERT J. BAKER, in order to solicit bank account holders, would promise the bank account holders cash of approximately half of the fraudulent proceeds taken from the victim bank.

3.  It was further part of the scheme and artifice that the defendant, DELBERT J. BAKER, would, using a bank ATM machine, deposit or cause to be deposited a small amount of cash into the bank account holder's account.

4.      It was further part of the scheme and artifice that the defendant, DELBERT J. BAKER, when making or causing the small cash deposit to be made into the bank account holder's account, would falsely and fraudulently key into the ATM that the amount deposited was more than the actual amount deposited, causing the ATM to give the account holder credit for the inflated amount of the deposit.

5.      It was further part of the scheme and artifice that the defendant, DELBERT J. BAKER, would make or cause a telephone call to be made to the bank and falsely and fraudulently claim that the ATM had incorrectly credited the account holder's account, claiming that the amount of cash deposited into the ATM was actually several thousands of dollars.

6.      It was further part of the scheme and artifice that the defendant, DELBERT J. BAKER, would cause the bank, relying on the honesty and integrity of the established account holder, to credit the account holder's account in the fraudulently claimed amount of the deposit.

7.      It was further part of the scheme and artifice that the defendant, DELBERT J. BAKER, would use the account holder's ATM card and personal identification number (PIN) to access the account holder's account at an ATM, in order to withdraw hundreds of dollars on multiple occasions or withdrawing thousands of dollars at one time using an ATM with teller assist.

8.     It was further part of the scheme and artifice that the defendant, DELBERT J. BAKER would provide a portion of the fraud proceeds to the account holder.

9.     It was further part of the scheme and artifice that the defendant, DELBERT J. BAKER, would cause the account holder to falsely and fraudulently report that their ATM card had been lost or stolen, in order to attempt to prevent the account holder from being held responsible for the theft of the bank's funds using the ATM fraud scheme.

10.     It was further part of the scheme and artifice that the defendant, DELBERT J. BAKER, would, using the proceeds from his fraudulent ATM scheme, purchase expensive items, including jewelry and watches, and post photographs of the items on Facebook and Instagram, in part to entice other account holders to engage in the fraudulent scheme with the defendant.

11.     It was further part of the scheme and artifice that the defendant, DELBERT J. BAKER, would execute his scheme on hundreds of occasions, causing an intended loss to the victim banks of more than $500,000, and an actual loss of more than $350,000.

### D.  Execution

Between on or about May 11 and May 12, 2016, at Jacksonville and St. Augustine, in the Middle District of Florida, and Coral Springs, Florida,

DELBERT J. BAKER,

the defendant herein, did knowingly and willfully execute and attempt to

execute a scheme and artifice to defraud a financial institution, that is, Bank of

America, by: (1) on May 11, 2016, causing a cash deposit to be fraudulently

keyed in as $300.00 into an account holder's account at a Bank of America

located on Baymeadows Road, Jacksonville, Florida; (2) on or about May 11,

2016, falsely reporting to Bank of America that the fraudulently keyed $300.00

cash deposit had actually been $1,100.00, causing Bank of America to credit

the account holder's account with an additional $800.00; and (3) on May 12,

2016, the defendant withdrew $1,100 in cash from the Bank of America ATM

located at 9140 Wiles Road, Coral Springs, Florida, which funds were under

the custody and control of Bank of America in Jacksonville, Florida.

All in violation of Title 18, United States Code, Sections 1344

and 2.

## FORFEITURE

1.    The allegations contained in Count One are incorporated by

reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §

982(a)(2)(A).

2.    Upon conviction of a violation of 18 U.S.C. § 1344, the

defendant, DELBERT J. BAKER, shall forfeit to the United States, pursuant

5

to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

3.     The property to be forfeited includes, but is not limited to, a a sum of money in the amount of at least $350,000.00, which represents the amount of proceeds obtained as a result of the offense.

4.     If any of the property described above, as a result of any act or omission of the defendant:

     a.    cannot be located upon the exercise of due diligence;

     b.    has been transferred or sold to, or deposited with, a third party;

     c.    has been placed beyond the jurisdiction of the Court;

     d.    has been substantially diminished in value; or

     e.    has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
JAY TAYLOR
Assistant United States Attorney

By: _____
KELLY KARASE
Assistant United States Attorney
Deputy Chief, Jacksonville Division

7

FORM OBD-34
3/29/19 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

### THE UNITED STATES OF AMERICA

vs.

### DELBERT J. BAKER

## INDICTMENT

Violations: 18 U.S.C. §§ 1344 and 2

A true bill,

_____
Foreperson

Filed in open court this _____ day

of April, 2019.

_____
Clerk

Bail    $_____

GPO 863 525